# EXHIBIT H

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision September 2007



U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

Rev. 6, Sept. 2007

The U.S. Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

    Superintendent of Documents      Telephone: 202-512-2267
    Mail List Section
    Washington, DC 20402

Inquiries relating to purchasing the Manual should be directed to:

    Superintendent of Documents      Telephone: 202-512-1800
    United States Government Printing Office
    Washington, DC 20402

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

    Mail Stop Document Services      Telephone: 1-800-972-6382 or 571-272-3150
    Director of the U.S. Patent and Trademark Office
    P.O. Box 1450
    Alexandria, VA 22313-1450

Previous editions and revisions of the Manual are available on microfilm in the Patent Search Room.
The Manual is available on CD-ROM and on diskette from:

    U.S. Patent and Trademark Office      Telephone: 571-272-5600
    Office of Electronic Information Products
    MDW 4C18, P.O. Box 1450
    Alexandria, VA 22313-1450

Employees of the U.S. Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Office of Patent Training.      Telephone: 571-272-7222

Pursuant to the Patent and Trademark Office Efficiency Act (PTOEA) (Pub. L. 106-113, 113 Stat. 1501A-572), the head of the United States Patent and Trademark Office (USPTO) is the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office." The Director is assisted by the "Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office." The patent operations of the USPTO are now headed by the "Commissioner for Patents." The trademark operations of the USPTO are now headed by the "Commissioner for Trademarks." Under section 4741(b) of the PTOEA, any reference to the Commissioner of Patents and Trademarks, the Assistant Commissioner for Patents, or the Assistant Commissioner for Trademarks is deemed to refer to the Director, the Commissioner for Patents, or the Commissioner for Trademarks, respectively. See "Reestablishment of the Patent and Trademark Office as the United States Patent and Trademark Office" published in the *Federal Register* at 65 FR 17858 (Apr. 5, 2000), and in the *Official Gazette of the United States Patent and Trademark Office* at 1234 O.G. 41 (May 9, 2000).

Additions to the text of the Manual are indicated by arrows (><) inserted in the text. Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

    First Edition, November 1949
    Second Edition, November 1953
    Third Edition, November 1961
    Fourth Edition, June 1979
    Fifth Edition, August 1983
    Sixth Edition, January 1995
    Seventh Edition, July 1998
    Eighth Edition, August 2001
      Revision 1, February 2003
      Revision 2, May 2004
      Revision 3, August 2005
      Revision 4, October 2005
      Revision 5, August 2006
      Revision 6, September 2007

# Chapter 700 Examination of Applications

| | |
|---|---|
| 701 | Statutory Authority for Examination |
| 702 | Requisites of the Application |
| 702.01 | Obviously Informal Cases |
| 703 | "General Information Concerning Patents" |
| 704 | Search and Requirements for Information |
| 704.01 | Search |
| 704.10 | Requirements for Information |
| 704.11 | What Information May Be Required |
| 704.11(a) | Examples of Information Reasonably Required |
| 704.11(b) | When May a Requirement for Information Be Made |
| 704.12 | Replies to a Requirement for Information |
| 704.12(a) | Relationship of Requirement for Information to Duty of Disclosure |
| 704.12(b) | What Constitutes a Complete Reply |
| 704.12(c) | Treatment of an Incomplete Reply |
| 704.13 | Time Periods for Reply |
| 704.14 | Making a Requirement for Information |
| 704.14(a) | Format of the Requirement |
| 704.14(b) | Examiner's Obligation Following Applicant's Reply |
| 704.14(c) | Petitions to Requirements Under 37 CFR 1.105 |
| 704.14(d) | Relationship to Information Disclosure Statements |
| 705 | Patentability Reports |
| 705.01 | Instructions re Patentability Reports |
| 705.01(a) | Nature of P.R., Its Use and Disposal |
| 705.01(b) | Sequence of Examination |
| 705.01(c) | Counting and Recording P.R.s |
| 705.01(d) | Duplicate Prints of Drawings |
| 705.01(e) | Limitation as to Use |
| 705.01(f) | Interviews With Applicants |
| 706 | Rejection of Claims |
| 706.01 | Contrasted With Objections |
| 706.02 | Rejection on Prior Art |
| 706.02(a) | Rejections Under 35 U.S.C. 102(a), (b), or (e); Printed Publication or Patent |
| 706.02(b) | Overcoming a 35 U.S.C. 102 Rejection Based on a Printed Publication or Patent |
| 706.02(c) | Rejections Under 35 U.S.C. 102(a) or (b); Knowledge by Others or Public Use or Sale |
| 706.02(d) | Rejections Under 35 U.S.C. 102(c) |
| 706.02(e) | Rejections Under 35 U.S.C. 102(d) |
| 706.02(f) | Rejections Under 35 U.S.C. 102(e) |
| 706.02(f)(1) | Examination Guidelines for Applying References Under 35 U.S.C. 102(e) |
| 706.02(f)(2) | Provisional Rejections Under 35 U.S.C. 102(e); Reference Is a Copending U.S. Patent Application |
| 706.02(g) | Rejections Under 35 U.S.C. 102(f) |
| 706.02(h) | Rejections Under 35 U.S.C. 102(g) |
| 706.02(i) | Form Paragraphs for Use in Rejections Under 35 U.S.C. 102 |
| 706.02(j) | Contents of a 35 U.S.C. 103 Rejection |
| 706.02(k) | Provisional Rejection (Obviousness) Under 35 U.S.C. *103 >Using Provisional Prior Art Under 35 U.S.C. 102(e)< |
| 706.02(l) | Rejections Under 35 U.S.C. 103(a) Using Prior Art Under Only 35 U.S.C. 102(e), (f), or (g) |
| 706.02(l)(1) | Rejections Under 35 U.S.C. 103(a) Using Prior Art Under 35 U.S.C. 102(e), (f), or (g); Prior Art Disqualification Under 35 U.S.C. 103(c) |
| 706.02(l)(2) | Establishing Common Ownership or Joint Research Agreement |
| 706.02(l)(3) | Examination Procedure with Respect to 35 U.S.C. 103(c) |
| 706.02(m) | Form Paragraphs for Use in Rejections Under 35 U.S.C. 103 |
| 706.02(n) | Biotechnology Process Applications; 35 U.S.C. 103(b) |
| 706.03 | Rejections Not Based on Prior Art |
| 706.03(a) | Rejections Under 35 U.S.C. 101 |
| 706.03(b) | Barred by Atomic Energy Act |
| 706.03(c) | Rejections Under 35 U.S.C. 112, First Paragraph |
| 706.03(d) | Rejections Under 35 U.S.C. 112, Second Paragraph |
| 706.03(k) | Duplicate Claims |
| 706.03(m) | Nonelected Inventions |
| 706.03(o) | New Matter |
| 706.03(s) | Foreign Filing Without License |
| 706.03(u) | Disclaimer |
| 706.03(v) | After Interference or Public Use Proceeding |
| 706.03(w) | *Res Judicata* |
| 706.03(x) | Reissue |
| 706.04 | Rejection of Previously Allowed Claims |
| 706.05 | Rejection After Allowance of Application |
| 706.06 | Rejection of Claims Copied From Patent |
| 706.07 | Final Rejection |
| 706.07(a) | Final Rejection, When Proper on Second Action |
| 706.07(b) | Final Rejection, When Proper on First Action |
| 706.07(c) | Final Rejection, Premature |
| 706.07(d) | Final Rejection, Withdrawal of, Premature |
| 706.07(e) | Withdrawal of Final Rejection, General |
| 706.07(f) | Time for Reply to Final Rejection |
| 706.07(g) | Transitional After-Final Practice |
| 706.07(h) | Request for Continued Examination (RCE) Practice |

MANUAL OF PATENT EXAMINING PROCEDURE

| | | | |
|---|---|---|---|
| **707** | **Examiner's Letter or Action** | 710.02(b) | Shortened Statutory Period: Situations in Which Used |
| 707.01 | Primary Examiner Indicates Action for New Assistant | 710.02(c) | Specified Time Limits: Situations In Which Used |
| 707.02 | Applications Up for Third Action and 5-Year Applications | 710.02(d) | Difference Between Shortened Statutory Periods for Reply and Specified Time Limits |
| 707.05 | Citation of References | 710.02(e) | Extension of Time |
| 707.05(a) | Copies of Cited References | 710.04 | Two Periods Running |
| 707.05(b) | Citation of Related Art and Information by Applicants | 710.04(a) | Copying Patent Claims |
| 707.05(c) | Order of Listing | 710.05 | Period Ending on Saturday, Sunday, or a Federal Holiday |
| 707.05(d) | Reference Cited in Subsequent Actions | 710.06 | Situations When Reply Period Is Reset or Restarted |
| 707.05(e) | Data Used in Citing References | | |
| 707.05(f) | Effective Dates of Declassified Printed Matter | **711** | **Abandonment of Patent Application** |
| 707.05(g) | Incorrect Citation of References | 711.01 | Express or Formal Abandonment |
| 707.06 | Citation of Decisions, Orders Memorandums, and Notices | 711.02 | Failure To Take Required Action During Statutory Period |
| 707.07 | Completeness and Clarity of Examiner's Action | 711.02(a) | Insufficiency of Reply |
| 707.07(a) | Complete Action on Formal Matters | 711.02(b) | Special Situations Involving Abandonment |
| 707.07(b) | Requiring New Oath | 711.02(c) | Termination of Proceedings |
| 707.07(c) | Draftsperson's Requirement | 711.03 | Reconsideration of Holding of Abandonment; Revival |
| 707.07(d) | Language To Be Used In Rejecting Claims | 711.03(a) | Holding Based on Insufficiency of Reply |
| 707.07(e) | Note All Outstanding Requirements | 711.03(b) | Holding Based on Failure To Reply Within Period |
| 707.07(f) | Answer All Material Traversed | | |
| 707.07(g) | Piecemeal Examination | 711.03(c) | Petitions Relating to Abandonment |
| 707.07(h) | Notify of Inaccuracies in Amendment | 711.03(d) | Examiner's Statement on Petition To Set Aside Examiner's Holding |
| 707.07(i) | Each Claim To Be Mentioned in Each Office Action | 711.04 | Public Access to Abandoned Applications |
| 707.07(j) | State When Claims Are Allowable | 711.04(a) | Pulling and Forwarding Abandoned Applications |
| 707.07(k) | Numbering Paragraphs | 711.04(b) | Ordering of Patented and Abandoned Files |
| 707.07(l) | Comment on Examples | 711.04(c) | Notifying Applicants of Abandonment |
| 707.08 | Reviewing and Initialing by Assistant Examiner | 711.05 | Letter of Abandonment Received After Application is Allowed |
| 707.09 | Signing by Primary or Other Authorized Examiner | 711.06 | Abstracts, Abbreviatures, and Defensive Publications |
| 707.10 | Entry | 711.06(a) | Citation and Use of Abstracts, Abbreviatures, and Defensive Publications as References |
| 707.11 | Date | | |
| 707.12 | Mailing | **713** | **Interviews** |
| 707.13 | Returned Office Action | 713.01 | General Policy, How Conducted |
| **708** | **Order of Examination** | 713.02 | Interviews Prior to First Official Action |
| 708.01 | List of Special Cases | 713.03 | Interview for "Sounding Out" Examiner Not Permitted |
| 708.02 | Petition To Make Special | | |
| 708.02(a) | Accelerated Examination | 713.04 | Substance of Interview Must Be Made of Record |
| 708.03 | Examiner Tenders Resignation | | |
| **709** | **Suspension of Action** | 713.05 | Interviews Prohibited or Granted, Special Situations |
| 709.01 | Overlapping Applications by Same Applicant or Owned by Same Assignee | | |
| **710** | **Period for Reply** | 713.06 | No Inter Partes Questions Discussed Ex Parte |
| 710.01 | Statutory Period | 713.07 | Exposure of Other Cases |
| 710.01(a) | Statutory Period, How Computed | 713.08 | Demonstration, Exhibits, Models |
| 710.02 | Shortened Statutory Period and Time Limit Actions Computed | | |

| | | | |
|---|---|---|---|
| 713.09 | Finally Rejected Application | 715.01 | 37 CFR 1.131 Affidavits Versus 37 CFR 1.132 Affidavits |
| 713.10 | Interview Preceding Filing Amendment Under 37 CFR 1.312 | 715.01(a) | Reference Is a Joint Patent or Published Application to Applicant and Another |
| **714** | **Amendments, Applicant's Action** | 715.01(b) | Reference and Application Have Common Assignee |
| 714.01 | Signatures to Amendments | | |
| 714.01(a) | Unsigned or Improperly Signed Amendment | 715.01(c) | Reference Is Publication of Applicant's Own Invention |
| 714.01(c) | Signed by Attorney or Agent Not of Record | | |
| 714.01(d) | Amendment Signed by Applicant but Not by Attorney or Agent of Record | 715.01(d) | Activities Applied Against the Claims |
| 714.01(e) | Amendments Before First Office Action | 715.02 | How Much of the Claimed Invention Must Be Shown, Including the General Rule as to Generic Claims |
| 714.02 | Must Be Fully Responsive | | |
| 714.03 | Amendments Not Fully Responsive, Action To Be Taken | 715.03 | Genus-Species, Practice Relative to Cases Where Predictability Is in Question |
| 714.03(a) | Supplemental Amendment | 715.04 | Who May Make Affidavit or Declaration; Formal Requirements of Affidavits and Declarations |
| 714.04 | Claims Presented in Amendment With No Attempt To Point Out Patentable Novelty | | |
| 714.05 | Examiner Should Immediately Inspect | | |
| 714.06 | Amendments Sent to Wrong Technology Center | 715.05 | U.S. Patent or Application Publication Claiming Same Invention |
| 714.07 | Amendments Not in Permanent Ink | 715.07 | Facts and Documentary Evidence |
| 714.10 | Claims Added in Excess of Claims Previously Paid For | 715.07(a) | Diligence |
| | | 715.07(b) | Interference Testimony Sometimes Used |
| 714.11 | Amendment Filed During Interference Proceedings | 715.07(c) | Acts Relied Upon Must Have Been Carried Out in This Country or a NAFTA or WTO Member Country |
| 714.12 | Amendments and other Replies After Final Rejection or Action | | |
| | | 715.07(d) | Disposition of Exhibits |
| 714.13 | Amendments and other Replies After Final Rejection or Action, Procedure Followed | 715.08 | Passed Upon by Primary Examiner |
| | | 715.09 | Seasonable Presentation |
| 714.14 | Amendments After Allowance of All Claims | 715.10 | Review of Affidavit or Declaration for Evidence of Prior Public Use or Sale or Failure to Disclose Best Mode |
| 714.15 | Amendment Received in Technology Center After Mailing of Notice of Allowance | | |
| 714.16 | Amendment After Notice of Allowance, 37 CFR 1.312 | **716** | **Affidavits or Declarations Traversing Rejections, 37 CFR 1.132** |
| 714.16(a) | Amendments Under 37 CFR 1.312, Copied Patent Claims | 716.01 | Generally Applicable Criteria |
| | | 716.01(a) | Objective Evidence of Nonobviousness |
| 714.16(b) | Amendments Under 37 CFR 1.312 Filed With a Motion Under 37 CFR 41.208 | 716.01(b) | Nexus Requirement and Evidence of Nonobviousness |
| 714.16(c) | Amendments Under 37 CFR 1.312, Additional Claims | 716.01(c) | Probative Value of Objective Evidence |
| | | 716.01(d) | Weighing Objective Evidence |
| 714.16(d) | Amendments Under 37 CFR 1.312, Handling | 716.02 | Allegations of Unexpected Results |
| 714.16(e) | Amendments Under 37 CFR 1.312, Entry in Part | 716.02(a) | Evidence Must Show Unexpected Results |
| | | 716.02(b) | Burden on Applicant |
| 714.17 | Amendment Filed After the Period for Reply Has Expired | 716.02(c) | Weighing Evidence of Expected and Unexpected Results |
| 714.18 | Entry of Amendments | 716.02(d) | Unexpected Results Commensurate in Scope With Claimed Invention |
| 714.19 | List of Amendments, Entry Denied | | |
| 714.20 | List of Amendments Entered in Part | 716.02(e) | Comparison With Closest Prior Art |
| 714.21 | Amendments Inadvertently Entered, No Legal Effect | 716.02(f) | Advantages Disclosed or Inherent |
| | | 716.02(g) | Declaration or Affidavit Form |
| 714.25 | Discourtesy of Applicant or Attorney | 716.03 | Commercial Success |
| **715** | **Swearing Back of Reference — Affidavit or Declaration Under 37 CFR 1.131** | 716.03(a) | Commercial Success Commensurate in Scope With Claimed Invention |

701 MANUAL OF PATENT EXAMINING PROCEDURE

| | |
|---|---|
| 716.03(b) | Commercial Success Derived From Claimed Invention |
| 716.04 | Long-Felt Need and Failure of Others |
| 716.05 | Skepticism of Experts |
| 716.06 | Copying |
| 716.07 | Inoperability of References |
| 716.08 | Utility and Operability of Applicant's Disclosure |
| 716.09 | Sufficiency of Disclosure |
| 716.10 | Attribution |
| 718 | **Affidavit or Declaration to Disqualify Commonly Owned Patent or Published Application as Prior Art, 37 CFR 1.130** |
| 719 | **File Wrapper** |
| 719.01 | Papers in File Wrapper |
| 719.01(a) | Arrangement of Papers in File Wrapper |
| 719.01(b) | Prints |
| 719.02 | Data Entered on File Wrapper |
| 719.02(b) | Name or Residence of Inventor or Title Changed |
| 719.03 | Classification During Examination |
| 719.04 | Index of Claims |
| 719.05 | Field of Search |
| 719.06 | Foreign Filing Dates |
| 719.07 | Related Applications |
| 720 | **Public Use Proceedings** |
| 720.01 | Preliminary Handling |
| 720.02 | Examiner Determination of *Prima Facie* Showing |
| 720.03 | Preliminary Hearing |
| 720.04 | Public Use Proceeding Testimony |
| 720.05 | Final Decision |
| 724 | **Trade Secret, Proprietary, and Protective Order Materials** |
| 724.01 | Completeness of the Patent File Wrapper |
| 724.02 | Method of Submitting Trade Secret, Proprietary, and/or Protective Order Materials |
| 724.03 | Types of Trade Secret, Proprietary, and/or Protective Order Materials Submitted Under MPEP § 724.02 |
| 724.04 | Office Treatment and Handling of Materials Submitted Under MPEP § 724.02 |
| 724.04(a) | Materials Submitted in an Application Covered by 35 U.S.C. 122 |
| 724.04(b) | Materials Submitted in Reissue Applications Open to the Public Under 37 CFR 1.11(b) |
| 724.04(c) | Materials Submitted in Reexamination File, Open to the Public Under 37 CFR 1.11(d) |
| 724.05 | Petition To Expunge Information or Copy of Papers in Application File |
| 724.06 | Handling of Petitions to Expunge Information or Copy of Papers in Application File |

## 701   Statutory Authority for Examination

*35 U.S.C. 131. Examination of application.*
The Director shall cause an examination to be made of the application and the alleged new invention; and if on such examination it appears that the applicant is entitled to a patent under the law, the Director shall issue a patent therefor.

The main conditions precedent to the grant of a patent to an applicant are set forth in 35 U.S.C. 101, 102 and 103.

*35 U.S.C. 101. Inventions patentable.*
Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

Form paragraph 7.04 copies 35 U.S.C. 101. See MPEP § 706.03(a).

*35 U.S.C. 100. Definitions.*
When used in this title unless the context otherwise indicates -
  (a) The term "invention" means invention or discovery.
  (b) The term "process" means process, art, or method, and includes a new use of a known process, machine, manufacture, composition of matter, or material.
  (c) The terms "United States" and "this country" mean the United States of America, its territories and possessions.
  (d) The word "patentee" includes not only the patentee to whom the patent was issued but also the successors in title to the patentee.
  (e) The term "third-party requester" means a person requesting ex parte reexamination under section 302 or *inter partes* reexamination under section 311 who is not the patent owner.

## 702   Requisites of the Application [R-3]

When a new application is assigned in the Technology Center, the examiner should review the contents of the application to determine if the application meets the requirements of 35 U.S.C. 111(a). Any matters affecting the filing date or abandonment of the application, such as lack of an oath or declaration, filing fee, or claims should be checked **. For Image File Wrapper (IFW) processing, see IFW Manual sections 3.1 and 3.3.

The examiner should be careful to see that the application meets all the requisites set forth in MPEP Chapter 600 both as to formal matters and as to the completeness and clarity of the disclosure. If all of the requisites are not met, applicant may be called upon

tive effectiveness over all compounds of the closest prior art. An applicant does not have to test all the compounds taught by each reference, "[h]owever, where an applicant tests less than all cited compounds, *the test must be sufficient to permit a conclusion respecting the relative effectiveness of applicant's claimed compounds and the compounds of the closest prior art.*" *Id.* (quoting *In re Payne*, 606 F.2d 303, 316, 203 USPQ 245, 256 (CCPA 1979)) (emphasis in original).).

>

### III. < THE CLAIMED INVENTION MAY BE COMPARED WITH THE CLOSEST SUBJECT MATTER THAT EXISTS IN THE PRIOR ART

Although evidence of unexpected results must compare the claimed invention with the closest prior art, applicant is not required to compare the claimed invention with subject matter that does not exist in the prior art. *In re Geiger*, 815 F.2d 686, 689, 2 USPQ2d 1276, 1279 (Fed. Cir. 1987) (Newman, J., concurring) (Evidence rebutted *prima facie* case by comparing claimed invention with the most relevant prior art. Note that the majority held the Office failed to establish a *prima facie* case of obviousness.); *In re Chapman*, 357 F.2d 418, 148 USPQ 711 (CCPA 1966) (Requiring applicant to compare claimed invention with polymer suggested by the combination of references relied upon in the rejection of the claimed invention under 35 U.S.C. 103 "would be requiring comparison of the results of the invention with the results of the invention." 357 F.2d at 422, 148 USPQ at 714.).

### 716.02(f)  Advantages Disclosed or Inherent

The totality of the record must be considered when determining whether a claimed invention would have been obvious to one of ordinary skill in the art at the time the invention was made. Therefore, evidence and arguments directed to advantages not disclosed in the specification cannot be disregarded. *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995) (Although the purported advantage of placement of a selective catalytic reduction catalyst in the bag retainer of an apparatus for controlling emissions was not disclosed in the specification, evidence and arguments rebutting the conclusion that such placement was a matter of "design choice" should have been considered as part of the totality of the record. "We have found no cases supporting the position that a patent applicant's evidence or arguments traversing a § 103 rejection must be contained within the specification. There is no logical support for such a proposition as well, given that obviousness is determined by the totality of the record including, in some instances most significantly, the evidence and arguments proffered during the give-and-take of *ex parte* patent prosecution." 66 F.3d at 299, 36 USPQ2d at 1095.). See also *In re Zenitz*, 333 F.2d 924, 928, 142 USPQ 158, 161 (CCPA 1964) (evidence that claimed compound minimized side effects of hypotensive activity must be considered because this undisclosed property would inherently flow from disclosed use as tranquilizer); *Ex parte Sasajima*, 212 USPQ 103, 104 - 05 (Bd. App. 1981) (evidence relating to initially undisclosed relative toxicity of claimed pharmaceutical compound must be considered).

The specification need not disclose proportions or values as critical for applicants to present evidence showing the proportions or values to be critical. *In re Saunders*, 444 F.2d 599, 607, 170 USPQ 213, 220 (CCPA 1971).

### 716.02(g)  Declaration or Affidavit Form

"The reason for requiring evidence in declaration or affidavit form is to obtain the assurances that any statements or representations made are correct, as provided by 35 U.S.C. 25 and 18 U.S.C. 1001." Permitting a publication to substitute for expert testimony would circumvent the guarantees built into the statute. *Ex parte Gray*, 10 USPQ2d 1922, 1928 (Bd. Pat. App. & Inter. 1989). Publications may, however, be evidence of the facts in issue and should be considered to the extent that they are probative.